**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAURICE M. PRICE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **HANNAH R. SUHR, ESQ., et al.** | : | **NO. 16-2446** |

**M E M O R A N D U M**

**PAPPERT, J.**                                                                                       **JUNE** 22 , **2016**

Plaintiff, a prisoner, filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against a private attorney, her client and the Redline Auto Group. He alleges that the defendants conspired to steal his company vehicle and refused to return it to him.

For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in plaintiff's complaint that would allow the Court to find that any of the defendants is a state actor.

Furthermore, it appears that plaintiff is also attempting to bring a criminal case against the defendants. A private citizen does not have a judicially cognizable interest in the criminal prosecution or nonprosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114

(3d Cir. 2002). Here, plaintiff will not be given leave to amend because amendment would be futile.

*/s/ Gerald J. Pappert*